### MARIA L. CRAFTS *vs.* ALBERT B. CRAFTS.

#### WASHINGTON—MAY 6, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Equity Pleading. Pleas.*

A plea to a bill in equity which merely sets up laches, without setting forth facts sufficient to work an estoppel by lapse of time, is defective.

(2) *Equity Pleading. Pleas.*

A plea to a bill in equity setting forth that upon demurrer to a former bill it was discontinued, and setting up these facts as *res judicata* to the present bill, is defective in not stating whether the demurrer was formal or one which went to the merits of the case.

(3) *Equity Pleading. Pleas.*

The discontinuance of a bill after demurrer is no bar to a second suit, where the former bill was to set aside a deed given for a third interest and the second bill a later deed for a half interest, and the plea admits that allegations of false representations are in the latter bill which were not in the former suit.

BILL IN EQUITY to avoid a deed. Heard on sufficiency of pleas. Pleas overruled.

(1) PER CURIAM. The respondent sets up in his answer in paragraph 18, by way of plea, that a former suit in equity between these same parties, and arising out of the same matter, was entered settled by agreement in 1893, and that the complainant is barred by lapse of time and by laches from maintaining this bill upon the ground set forth. No facts appear in the plea sufficient to work an estoppel by lapse of time. *Chase* v. *Chase*, 20 R. I. 202.

(2)     Paragraph 19 of the answer also sets up, by way of plea, that, after the deed was given which is sought to be set aside in this case, a bill of review was brought to set aside the entry of settlement in the former suit, and upon demurrer it was held that the bill did not state a case for relief, whereupon it was discontinued; and these facts are set up as *res judicata* in defence to this bill.

(3)     The plea is no defence, for two reasons.   The plea does not state whether the demurrer was formal, or one which went to the merits of the case.   As applied, however, to the allegations of the present bill, it is evident that the former judgment could not be conclusive in this case, since the former bill was to set aside a deed given for a third interest and this bill a later deed for a half interest, and the plea admits that allegations of false representations are in the present bill which were not contained in the former suit.   This plea is therefore insufficient. · *Horton* v. *Bassett*, 17 R. I. 129.

The pleas are overruled.

*Oscar Lapham and Walter S. Reynolds,* for complainant.
*A. B. Crafts, pro se.*